**RECEIVED**
IN ALEXANDRIA, LA.

MAR – 4 2013

TONY R. MOORE, CLERK
BY_____
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT S. FOWLER and<br>HANNA FOWLER | CIVIL ACTION NO. 11-1437 |
| VERSUS | JUDGE TRIMBLE |
| THE CITY OF NATCHITOCHES,<br>THROUGH ITS NATCHITOCHES<br>POLICE DEPARTMENT, MICKY DOVE<br>IN HIS CAPACITY AS CHIEF OF POLICE<br>UNNAMED POLICE OFFICERS and<br>XYZ INSURANCE COMPANY | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion to dismiss or, in the alternative, for summary judgment filed by defendants City of Natchitoches ("City") and Chief Mickey Dove ("Chief Dove").[1]  For the reasons expressed below, the court finds that the motion should be GRANTED.

## I.    RELEVANT FACTS

Plaintiffs in the above-captioned suit are Robert Fowler ("Mr. Fowler") and his wife, Hanna Fowler ("Mrs. Fowler").  Plaintiffs allege that on February 4, 2011, they received a call informing them that Mrs. Fowler's mother, who was pregnant at that time, fainted at her home. Plaintiffs allege that, upon receiving such news, they drove quickly through Natchitoches, admittedly speeding with their vehicle emergency flashing lights engaged.  Once plaintiffs arrived at Mrs. Fowler's mother's house, Mr. Fowler exited his vehicle and alleges that he was

---

[1] R. 12.  The court notes that counsel for defendants has once again filed a motion before the court containing no page numbers.  The court has supplied the page numbers referenced herein.

arrived at Mrs. Fowler's mother's house, Mr. Fowler exited his vehicle and alleges that he was confronted by unnamed officers from the Natchitoches Police Department.  Plaintiffs assert that Mr. Fowler quickly identified himself as an emergency medical technician ("EMT") and the son-in-law of the woman inside who he believed to be in distress.  Plaintiffs allege that additional officers arrived at the scene and were abusive and threatening, physically restraining Mr. Fowler. Plaintiffs allege that, although Mr. Fowler attempted to comply with the officers' instructions, the officers physically struck him repeatedly and administered taser shocks to him in front of Mrs. Fowler and their children.

Plaintiffs filed the instant suit on or about August 4, 2011, naming as defendants the City, Chief Dove, unnamed officers of the Natchitoches Police Department and XYZ Insurance Company, the unknown liability insurer for the City.[2]  Plaintiffs assert federal law excessive force claims against these defendants under 42 U.S.C. § 1983 and state law excessive force claims under La. Civ. C. Arts. 2315 and 2316.[3]

Defendants' motion has been fully briefed by the parties and is now ripe for consideration.  We address the arguments of the parties below.

## II.     APPLICABLE STANDARDS

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) asserts that plaintiff's complaint fails to state a claim upon which relief may be granted by the court.  In deciding such a motion, the court may only look at the complaint and any attachments thereto.[4]  The court must

---

[2] R. 26 at ¶ 5.
[3] Id. at ¶¶ 18 – 26.
[4] Gines v. D.R. Horton, Inc., 699 F.3d 812, 820 (5th Cir. 2012); Lormand v. US Unwired, Inc., 565 F.3d 228, 251 (5th Cir. 2009).

determine whether or not the allegations of the complaint state a claim for relief which is "plausible on its face."[5]

A claim is facially plausible when it contains well pled factual allegations which, taken as true for the purpose of the motion, enable the court to reasonably infer that the defendant is liable for the alleged misconduct.[6] While the facts alleged do not have to establish the probability that the defendant engaged in the alleged misconduct, the facts alleged must show more than a possibility of the defendant's liability.[7] Although the court will view the allegations of the complaint as true, the court will not construe legal conclusions as true. Accordingly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8]

Summary judgment, provided for in Fed. R. Civ. P. 56, is appropriately granted only when the movant shows that there exists no genuine dispute as to any material fact and, therefore, the movant is entitled to judgment as a matter of law.[9] A dispute is "genuine" when the evidence provides a basis for a reasonable jury to return a verdict in favor of the nonmoving party.[10] The existence of a genuine dispute as to any material fact precludes a grant of summary judgment.

Any party seeking summary judgment must cite particular portions of the record, which may include depositions, documents, affidavits or declarations that support the absence of a genuine dispute concerning one or more materials facts.[11] Alternatively, the movant may point

---

[5] Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
[6] Aschcroft, 556 U.S. at 678 citing Twombly, 550 U.S. at 556.
[7] Id.
[8] Id. quoting Twombly, 550 U.S. at 555.
[9] Fed. R. Civ. P. 56(a).
[10] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986); Little v. Liquid Air Corp., 952 F.2d 841, 847 (5th Cir. 1992).
[11] Fed. R. Civ. P. 56(c)(1).

3

out portions of the record which demonstrate the non-moving party's inability to produce evidence in support of one or more claims.[12]

The evidence produced by the parties in support of or in opposition to a motion for summary judgment must be of the sort which would be admissible at the trial of the matter.[13]  In reviewing the motion, the court will view the evidence in the light most favorable to the non-moving party.[14]  The nonmoving party must, however, offer evidence amounting to more than mere "metaphysical doubt."[15]

## III.   ANALYSIS

### A.   Motion to Dismiss

Defendants' motion first asserts that plaintiffs' complaint fails to state a facially plausible claim for relief against them under § 1983.  Specifically, defendants point out that plaintiffs named as defendants the City, through its Natchitoches Police Department and Chief Dove based on the doctrine of respondeat superior, a theory of liability inapplicable to claims under § 1983.[16]

The court has carefully reviewed plaintiffs' amended complaint.  To the extent that plaintiff's complaint alleges liability of the City or Chief Dove under 42 U.S.C. § 1983 by operation of respondeat superior, we agree with defendants that such claims must be dismissed as a matter of law.  It is well settled that supervisory officials may not be held vicariously liable under § 1983 for the actions of their subordinates.[17]

We find, however, that plaintiffs' complaint also alleges the liability of the City and Chief Dove based on their establishment of "policies, customs, and practices" which resulted in

---

[12] Id.
[13] Fed. R. Civ. P. 56(c)(2).
[14] Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Allen v. Rapides Parish School Bd., 204 F.3d 619 (5th Cir. 2000); In re Municipal Bond Reporting Antitrust Litigation, 672 F.2d 436 (5th Cir. 1982).
[15] Scott v. Harris, 550 U.S. 372 (2007); Meyers v. M/V Eugenio C., 919 F.2d 1070 (5th Cir. 1990).
[16] R. 12 at p. 2.
[17] Roberts v. City of Shreveport, 397 F.3d 287 (5th Cir. 2005); Mouille v. City of Live Oak, Tex., 977 F.2d 924 (5th Cir. 1992); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).

the deprivation of rights alleged by plaintiffs.[18]  Plaintiffs also allege that the unnamed officers were not properly trained by the City and Chief Dove.[19]  § 1983 claims against supervisors for the establishment of unconstitutional customs or policies and for the failure to properly train subordinates are cognizable under applicable law and jurisprudence.[20]  Accordingly, we do not find that such claims are subject to dismissal under Rule 12(b)(6).  Defendants' motion will be denied in this respect.

### B.     Motion for Summary Judgment

Defendants' motion asserts that, should the court find Rule 12(b)(6) dismissal of any claims by plaintiff inappropriate, such claims should be dismissed by grant of summary judgment.  As urged by defendants, the court finds that plaintiff's response to defendants' motion fails to allege any facts in support of their remaining claims against the City and Chief Dove under § 1983 regarding failure to train and/or unconstitutional policies, procedures or customs. The court reiterates that a party faced with a motion for summary judgment must set forth specific factual allegations which, when construed in the light most favorable to the nonmoving party, would form an adequate basis for judgment in the nonmoving party's favor.

Plaintiffs' opposition to the motion contains no factual allegations relating to these remaining § 1983 claims against the City and Chief Dove.  Moreover, plaintiffs do not seek relief in the form of additional discovery under Rule 56(d).  Accordingly, the court finds that defendants' motion for summary judgment should be granted as to such claims.

The court also finds summary judgment to be appropriate with respect to plaintiffs' purported claims against defendants "unnamed police officers" and "XYZ Insurance

---

[18] See R. 26 at ¶¶ 22 – 26.
[19] Id. at ¶ 23.
[20] Roberts, 397 F.3d at 292; Burge v. St. Tammany Parish, 336 F.3d 363 (5th Cir. 2003).

Company[.]"   Although it is permissible to name "placeholder defendants" at the start of litigation when a defendant's identity is not yet known, plaintiffs may not continue with claims against such defendants absent a showing of good cause.  This suit was filed in 2011 and ample time for discovery has been allowed.  As above, plaintiffs do not assert that further discovery is needed in this case under Rule 56(d).  Finally, plaintiffs make no factual allegations which were not included in their complaint and, thus, fail to meet the summary judgment standard required of them as the nonmoving party.  Thus, the court finds that defendants' motion for summary judgment should be granted as to all claims by plaintiffs against these defendants under § 1983 and such claims should be denied and dismissed with prejudice.

### C.   Plaintiffs' Louisiana law tort claims

Defendants ask that this court decline to exercise supplemental jurisdiction over plaintiffs' Louisiana tort claims if it dismisses all federal law claims, citing 28 U.S.C. § 1367(c)(3).[21]  Having found, as explained above, that all federal law claims under § 1983 against defendants should be dismissed, the court finds no just cause why the remaining state law claims should not be dismissed without prejudice.  Although this case was filed in 2011, there has been little substantive litigation of the claims which would compel the court to exercise its supplemental jurisdiction in contravention of the general rule advising the court to decline such jurisdiction when all federal claims are otherwise dismissed.[22]

## IV.   CONCLUSION

For the reasons expressed above, the court finds that defendants' motion to dismiss or for summary judgment should be GRANTED as to all federal claims against defendants under 42 U.S.C. § 1983 and that such claims should be DENIED and DISMISSED with prejudice.  The

---

[21] R. 12 at p. 5.
[22] Brookshire Bros. Holding, Inc. v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009).

6

court also finds that the remaining Louisiana law tort claims against defendants should be DISMISSED without prejudice based on our decision not to exercise supplemental jurisdiction over such claims in the absence of any remaining federal law claims.

The court will issue a judgment in conformity with these findings.


Alexandria, Louisiana
March  4  , 2013

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE